Nixyvette SANTINI, et al., Plaintiffs

v.

UNISYS PUERTO RICO, INC., et al., Defendants.

Civil No. 02–1942 (JAG).

United States District Court, D. Puerto Rico.

Sept. 21, 2004.

---

Freytes (hereinafter "Lopez"), and the Lopez–Santini conjugal partnership (hereinafter "Lopez–Santini") (collectively "Plaintiffs"), filed suit against Unisys Puerto Rico, Inc. (hereinafter "Unisys"), Mauricio Velasquez (hereinafter "Velasquez"), and Robert J. Sedlacek (hereinafter "Sedlacek") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, Puerto Rico's Sexual Harassment Statute, 29 L.P.R.A. §§ 151–155l, the Wrongful Discharge Act, Law No. 80 of May 30, 1976, and articles 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. §§ 5141–5142 (Docket No. 1). On November 24, 2003, Defendants filed two different Motions for Summary Judgment: Unisys and Velasquez request a joint case-dispositive summary judgment claiming that Santini cannot make a case of sexual harassment, and Sedlacek asserts that the actions against him under Puerto Rico law are time-barred and that he is not personally liable under the Title VII claims (Dockets No. 23, 24).[1] For the reasons discussed below, the Court **DENIES** Unisys and Velasquez's Joint–Motion for Summary Judgment, and **GRANTS** Sedlacek's Motion for Summary Judgment.

Jean P. Gauthier–Inesta, Pinto–Lugo, Oliveras & Ortiz, PS, Myriam E. Matos–Bermudez, San Juan, PR, for Plaintiff.

Jairo A. Mellado–Villarreal, Hato Rey, PR, Angel Castillo, Jr., Miami, FL, Diane A. Loebell, Blue Bell, PA, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On June 18, 2002, Nixyvette Santini (hereinafter "Santini"), Carlos Lopez

## FACTUAL BACKGROUND

Santini began working as a Customer Relations Executive ("CRE") in Unisys' Hato Rey offices on March 20, 2001. At that time, she was aware that she was a 90–day period probationary employee. Santini's direct supervisor was Velasquez, Director of the Communications Market Sector Group, who, in turn, reported to Sedlacek, Unisys' General Manager. As part of her tasks as a CRE, Santini had to

---

1. A third motion for summary judgment (Docket No. 25) was filed; however, the motion has since become moot and there is no need for this Court to address the issues therein. See Docket Nos. 50, 51, and 52.

attend meetings with and report to Velasquez.

Santini specifically alleges that, during her employment in Unisys, Velasquez would compliment her eyes and the way she dressed, saying that she should "wear skirts more often"; he would call her to her mobile asking her whereabouts; he would touch her hands, knees, and legs during conversations; and referred to a red computer mouse as a "clitoris" during a meeting in which she was present. Santini maintains that these were unwelcome statements and actions.

On May 29, 2001, Santini and her sister (who is an attorney) Marianne Santini Hernandez met with Sedlacek in his office. Once there, Santini handed a letter to Sedlacek in which she alleged that Velasquez was behaving improperly towards her. After reading the letter, Sedlacek commented that the matter was serious and that such behavior was unlike Velasquez. Sedlacek walked the sisters out from his office and went immediately into the office of Human Resources Director Alicia Garzon (hereinafter Garzon) with the letter. Santini did not go into Garzon's office with Sedlacek; rather, she left Unisys with her sister because she was upset.

The following Monday, June 4, 2001, Santini presented her resignation letter, which she left for Garzon. Santini claimed that her resignation was due to the hostile work environment she perceived in Unisys and to the alienation she had been subjected to after her meeting with Sedlacek. On June 6, 2001, Garzon sent a certified letter to Santini explaining that Unisys had started an investigation on the events that led to her resignation. Garzon pointed out that she needed to interview Santini in order to complete the investigation on Velasquez's behavior. This letter was returned unclaimed three times. On July 23,

2001, Santini answered the letter refusing to participate in the interview since she had initiated a process with the Anti–Discrimination Unit ("ADU"). She had, indeed, filed such an action on June 11, 2001. Despite the administrative proceedings, the parties were not able to solve their differences, thus the Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue on March 22, 2002, pursuant to which Santini brought this action before the court.

## DISCUSSION

### I. *Summary Judgment Standard*

Rule 56 of the Federal Rules of Civil Procedure governs the court's discretion to grant summary judgment. It states, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56©; *See also Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52. (1st Cir.2000). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once a properly supported motion has been presented before the court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the exis-

tence of an authentic dispute. *See Suarez v. Pueblo Int'l, Inc.*, 229 F.3d 49 (1st Cir. 2000).

For a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine". "Material" means that a contested fact has the potential to change the outcome of the suit under governing law. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In making this assessment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." *Griggs–Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir.1990). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990).

## II. *Velasquez and Unisys' Motion for Summary Judgment*

■ On November 26, 2003, defendants Velasquez and Unisys filed a joint Motion for Summary Judgment alleging, in general, that Santini's sex harassment claims fail as a matter of law. Among other things, Velasquez and Unisys assert that the conduct Santini complains of is not sufficiently severe to constitute actionable harassment, and that she lacks any evidence to prove that Unisys was not diligent in dealing with her situation (Docket No. 23). In her Statement of Contested Material Facts, however, Santini supplies evidence, regarding both the availability of Unisys' sexual harassment policy and the actions taken by Unisys after the receipt of her letter, that tend to show that the two

versions of the facts are contested. Furthermore, Santini provides approximate numbers regarding the different times and kinds of behavior which made her feel harassed by Velasquez (Docket No. 29).

The Court must view the entire record in the light most favorable to Santini. Since she is contesting facts that are both "material" and "genuine", their veracity hinges on the credibility of the witnesses. Therefore, because a reasonable jury could return a verdict in either party's favor, at this stage of the proceedings this Court is of the opinion that Unisys and Velasquez have not met the standard for summary judgment. For this reason, Unisys and Velasquez's Joint Motion for Summary Judgment must be denied.

## III. *Sedlacek's Motion for Summary Judgment*

Sedlacek bases his Motion for Summary Judgment on the theory that the action against him is time-barred and that he has not committed any acts that render him liable to Santini (Docket No. 24). Santini, on the other hand, has not disputed these allegations. After a careful analysis of the evidence on record, the Court agrees with Sedlaceck.

■ Santini resigned on June 4, 2001. On that date she was aware of the alleged wrongdoing she had been subjected to. It was not until June 18, 2002, more than a year after her resignation, that Santini filed her complaint against Sedlacek. The record is devoid of evidence tending to show that Santini notified Sedlacek of the claims before the ADU or the EEOC. Therefore, these administrative procedures did not have a tolling effect as to Sedlacek. Since the one-year statute of limitations applies to these cases and Santini did not toll the limitations period extrajudicially, the Court is of the opinion that the claims

**258**

against Sedlacek under Puerto Rico law are time-barred.

 Furthermore, the Court agrees with Sedlacek's position that he is not liable under Santini's Title VII claims because Title VII does not provide for individual liability of supervisors or agents in their personal capacities. *See Padilla Cintron v. Rossello Gonzalez,* 247 F.Supp.2d 48, 58–60 (2003)(explaining that, even if the First Circuit has refrained from deciding whether Title VII gives rise to personal liability of agents and supervisors in their personal capacities, the District of Puerto Rico and other Circuits have decided against liability). Furthermore, Santini did not address the issue in her Opposition to Sedlacek's Motion for Summary Judgment. Rather, in her deposition, Santini accepts that Sedlacek never made any sexual comments or advances towards her and that she never felt sexually threatened by his presence or actions (Docket No. 24, Exhibit B, Pp. 108–109). Therefore, after taking into consideration the evidence on record and the applicable case law, this Court finds that Sedlacek cannot be held personally liable to Santini under Title VII. Thus, the Court grants Sedlacek's Motion for Summary Judgment.

## CONCLUSION

For the foregoing reasons, this Court hereby **DENIES** Unisys and Velasquez's Motion for Summary Judgment and **GRANTS** Sedlacek's Motion for Summary Judgment. Judgment shall enter accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of September, 2004.